**Albert BOMER, Plaintiff–Appellant,**

v.

**Kevin BASS, et al., Defendants–
Appellees.**

No. 03–1368.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2003.

Albert Bomer, Kincheloe, MI, pro se.

Before SILER, BATCHELDER, and
COOK, Circuit Judges.

*ORDER*

Albert Bomer, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 24, 2003, Bomer filed a complaint against Kevin Bass, Rebecca McKay, and Ellen Count, police officers employed by the City of Detroit, Michigan. Relying upon the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, Bomer alleged that Bass and McKay forcibly removed him from his home on June 13, 1997. According to Bomer, Bass and McKay "had no Arrest warrant nor were they in presuit [*sic*] of [him] during the commission of any crime." Bomer alleged that, without informing him of his *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rights, Bass and McKay transported him to jail where he was assaulted by unidentified Detroit police officers and denied medical treatment following the assault. Bomer alleged that he was detained in jail from June 13, 1997, to June 18, 1997, without an arraignment and that Count "was in charge of [his] case" during such detention. Bomer sought monetary relief in the amount of $5,000,000.

The district court dismissed Bomer's complaint for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). Bomer filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Bomer's complaint, as it is time-barred. For all § 1983 actions, federal courts apply the state personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The appropriate statute of limitations for personal injury actions arising in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(9) (West Group 2002); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of*

*Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988).

Bomer complains of events that occurred between June 13, 1997, and June 18, 1997. Bomer's complaint, however, was filed on February 24, 2003, well beyond the expiration of the three-year limitations period. Although Bomer's complaint is deemed filed on January 16, 2003, when it was dated and allegedly given to prison authorities for mailing to the court, *see Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Richard v. Ray,* 290 F.3d 810, 813 (6th Cir. 2002), his complaint remains untimely. *See Carroll,* 782 F.2d at 45.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.