RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0196p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DEWAYNE BRAND,

　　　　　　　*Plaintiff-Appellant,*

　　　v.

JOHN D. MOTLEY; KATHY LITTERAL; MICHELLE
VANCE,

　　　　　　　*Defendants-Appellees.*

No. 06-6362

>

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Ashland.
No. 06-00139—Henry R. Wilhoit, Jr., District Judge.

Argued: April 25, 2008

Decided and Filed: May 23, 2008

Before: SUHRHEINRICH, CLAY, and COOK, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Elizabeth M. Locke, KIRKLAND & ELLIS, Washington, D.C., for Appellant. William H. Fogle, JUSTICE AND PUBLIC SAFETY CABINET, OFFICE OF LEGAL SERVICES, Frankfort, Kentucky, for Appellees. **ON BRIEF:** Elizabeth M. Locke, KIRKLAND & ELLIS, Washington, D.C., for Appellant. William H. Fogle, JUSTICE AND PUBLIC SAFETY CABINET, OFFICE OF LEGAL SERVICES, Frankfort, Kentucky, for Appellees. Dewayne Brand, West Liberty, Kentucky, pro se.

---

**OPINION**

---

　　　COOK, Circuit Judge. Dewayne Brand, a black inmate, filed a § 1983 complaint after prison officials denied his request to share a cell with a white inmate in part because a "Black/White move . . . is more difficult to do than a same race move." The district court dismissed his claim as frivolous under 28 U.S.C. § 1915(e)(2), reasoning that Brand could not complain about why the officials turned him down given that, as an inmate, he lacks a right to be placed in the cell of his choice. Because Brand's claim sets out an arguable question of law, supported by arguable facts, we vacate the district court's order and remand for further proceedings.

I

According to Brand, he shared a cell with Troy Lear, who is white, at the Eastern Kentucky Correctional Complex ("EKCC") for more than three years. But after Lear spent two weeks in segregated confinement for fighting with another inmate, EKCC returned him to a different cell.

The pair sought to be reunited, but EKCC personnel ignored their requests despite granting many later-submitted, same-race requests. One officer, Brand says, confided that although several mixed-race requests pended, Shawn McKenzie (EKCC's Assistant Unit Director) and Bill Hester (Unit Supervisor) "were not honoring those type[s] of moves." When Brand and Lear asked McKenzie and Hester directly, Hester allegedly answered that he "was G.D. tired of hearing about our move [and] to get the hell out of his face before he locked us both up."

That exchange prompted Brand to file a grievance complaining that if the privilege of cell sign-ups "is going to be honored for some inmates under 'uniform[]' treatment policies, this move should be honored for [inmate] Lear and myself." Attached to the grievance was Lear's separate letter to Defendant John Motley, EKCC's warden, imploring, "I do understand that this is an interra[c]ial move but regardless of that the move has been looked over [and] over."

Responding first through EKCC's informal resolution process, McKenzie wrote that assignments are discretionary, he considers move sheets in the order received, and other dormitories had priority over open cells. He added, "You are also talking about a black/white move which is harder to do than a same race move." When Motley responded separately to Lear's letter, he reiterated McKenzie's reasons and also explained, "This move that you are requesting is a Black/White move which is more difficult to do than a same race move due to the available bedspace. Black/White moves take longer to do and this was explained to you when you signed your first move sheet."

EKCC's five-member Grievance Committee (among them Defendants Michelle Vance and Kathy Litteral) then reviewed Brand's complaint, with three unspecified members siding with McKenzie. At the next level of review, Motley upheld the Committee's decision. Brand's next administrative appeal also proved fruitless: on September 26, 2005, the Commissioner of the Kentucky Department of Corrections rejected the grievance, concluding that bed moves are discretionary and contingent on institutional needs and finding no evidence of race discrimination.

Brand filed a pro se complaint (filling in a form used by pro se prisoners bringing civil rights actions and attaching documents from his administrative review process), naming as defendants Motley, Litteral, and Vance. Seeking damages and injunctive relief, he claimed race discrimination, retaliation, and verbal abuse.

Before the defendants were served and after granting Brand's pauper motion, the district court screened his complaint for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(e)(2); *see Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). Though acknowledging that "racial concerns may have impacted on the plaintiff's request," and noting its duty to liberally construe Brand's pro se complaint, the court nonetheless dismissed his discrimination claim as frivolous. *Brand v. Motley*, No. 06-cv-00139, slip op. at 1, 5–7 (E.D. Ky. Oct. 11, 2006). It held that Brand "cannot complain about *why* he was denied permission to share a cell with Inmate Lear" because "prisoners have no inherent constitutional right to placement in any particular prison, security classification, or housing assignment." *Id.* at 5–6. The court also dismissed Brand's verbal-abuse and retaliation claims.

On appeal, Brand challenges only the dismissal of his race-discrimination claim. The defendants' five-page reply brief, in turn, makes no earnest attempt to defend the district court's

order, but instead invokes immunity, counters that Brand's complaint is time-barred, and attacks the complaint's failure to specify in which of their capacities Brand is suing them.

II

We review de novo a district court's judgment dismissing a suit as frivolous under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). A complaint is frivolous only if the plaintiff fails to present a claim with "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id.* at 327–28. We thus ask whether Brand's complaint makes an arguable legal claim and is based on rational facts. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

Brand's discrimination claim does present an arguable legal claim based on facts that the defendants' pleadings seemingly confirm: race figured in the denial of his move request. Indeed, the defendants laud their "candor" on this point. Appellees' Br. at 4. And Brand draws support from cases holding that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Lee v. Washington*, 390 U.S. 333 (1968)). In prison housing, the Equal Protection Clause forbids racial classifications absent compelling justifications and a narrowly tailored plan. *Johnson v. California*, 543 U.S. 499, 509 (2005). Brand's allegation squarely evokes these concerns. He presses a colorable legal claim, based on rational facts, and the district court thus erred in dismissing it as frivolous. *Neitzke*, 490 U.S. at 328 ("When a complaint raises an arguable question of law . . . dismissal on the basis of frivolousness is [inappropriate].").

But even if Brand's claim was improperly dismissed as frivolous, we need also to examine whether it could be dismissed on Fed. R. Civ. P. 12(b)(6) grounds—the alternative dismissal standard in § 1915(e)(2). If the "arguable question of law" that saves the claim from dismissal for frivolousness is correctly resolved against Brand on the pleadings for failure to state a claim, the district court's frivolousness label is harmless error. *See Bargery*, 207 F.3d at 867. Viewing the allegations and any reasonable inferences in the complaining party's favor, dismissal for failure to state a claim "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Though the district court correctly noted that inmates have no right to preferable housing assignments, *see Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), an inmate, like anyone else, retains the right to be free from government-sponsored race discrimination unsupported by a compelling interest, *see Johnson*, 543 U.S. at 508–15. To state a claim, Brand needed only to allege sufficient facts to show "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (internal quotation marks omitted); *see also Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (per curiam) (reversing a Rule 12(b)(6) dismissal of a race-discrimination claim where a prisoner alleged that his prison enforced a segregation policy on him and other inmates).

Although inexpertly drafted, Brand's discrimination claim suffices to withstand § 1915(e)(2) dismissal for failure to state a claim. The complaint alleged that "[o]n the above date, I was [d]iscriminated against for my race," and accuses the individual defendants of having "condoned [the] actions to take place, by concurring with each others['] choices to be unjust." The appended documents reflect his consistent charge that EKCC disfavors interracial requests and include three officials' consistent responses acknowledging such a policy and enforcing it. *See* JA 53 ("This move that you are requesting is a Black/White move which is more difficult to do than a same race move due to the available bedspace."). What is more, the defendants' pleadings concede that prison

officials (at least partly) relied on race in their housing decision. No evidence in this scant record shows a compelling justification.

### III

The defendants say that, in any event, Brand's complaint is time-barred and that the court should use this alternative ground to dismiss the claim under § 1915(e)(2). *See, e.g.*, *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (order) (district court may sua sponte dismiss complaint as time-barred when the defect is obvious (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995))); *Widner v. Bracke*, 229 F.3d 1155, at *2 (6th Cir. 2000) (table) (affirming dismissal under § 1915(e)(2) of time-barred complaint). The parties agree that Kentucky's one-year limitations period for personal-injury actions governs Brand's § 1983 claim, Ky. Rev. Stat. Ann. § 413.140(1); *see Wallace v. Kato*, 127 S. Ct. 1091, 1094 (2007), and that the one-year period started running on the Commissioner's last denial of Brand's grievance—September 26, 2005. They disagree, however, about the date Brand filed his complaint. The defendants point to the district court's date stamp of September 29, 2006, as conclusive evidence of the complaint being late by three days.

The defendants' focus on the court's date stamp overlooks the "prison mailbox rule." Under this relaxed filing standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam) (extending *Houston v. Lack*, 487 U.S. 266 (1988)). Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint. *See, e.g.*, *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) (per curiam) ("[W]e treat the petition as filed on the date [the prisoner] signed it."); *Bomer v. Bass*, 76 F. App'x 62, 63 (6th Cir. 2003) (order); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (order). That signing date—September 26, 2006—is the last day of the limitations period and thus defeats the defendants' untimeliness argument.

### IV

Inasmuch as a remand is in order, we reach neither the defendants' perfunctorily presented argument that Brand's complaint fails to identify in which of their capacities he sues them, nor their undeveloped sovereign- and qualified-immunity defenses. Because the district court had no occasion to address the availability of these defenses, and in view of the scant record, any attempt to rule would be premature. We decide only that it is not yet "clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327.

### V

Brand raises an arguable race-discrimination claim with constitutional implications, and the district court erred in dismissing it at the § 1915(e)(2) screening stage. Accordingly, we vacate the district court's order and remand for further consideration of this claim.