08-6170-ag
Ahmed v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*[*]

_____

RAFAT M. AHMED,
                    *Petitioner*,

          v.                                          No. 08-6170-ag

ERIC H. HOLDER, JR., U.S. Attorney General, *et al.*,[**]
                    *Respondents.*

_____

_____

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

FOR PETITIONER:                    Rafat M. Ahmed, *pro se,* New York, New York.

FOR RESPONDENT:                    Tony West, Assistant Attorney General, Michelle G. Latour, Assistant Director, R. Alexander Goring, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rafat M. Ahmed, a native and citizen of Sudan, petitions pro se for review of a November 14, 2008 order of the BIA affirming the July 31, 2008 decision of Immigration Judge ("IJ") Alan A. Vomacka, which ordered Ahmed's removal to Sudan and denied his applications for asylum, withholding of removal, relief under the Convention Against Torture, and adjustment of status. See In re Rafat Mohamed Ahmed, No. A072 055 580 (B.I.A. Nov. 14, 2008), aff'g No. A072 055 580 (Immig. Ct. N.Y. City July 31, 2008). Reviewing the BIA's factual findings under the substantial evidence standard and its legal conclusions – including its jurisdictional determinations – de novo, see, e.g., Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 333-34 (2d Cir. 2006) (factual conclusions); Arenas-Yepes v. Gonzales, 421 F.3d 111, 114 (2d Cir. 2005) (legal conclusions), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

At the outset, we note that this case presents us with two questions of jurisdiction: our

own and that of the BIA. Our exercise of jurisdiction depends on Ahmed's compliance with the prison-mailbox rule. See Fed. R. App. P. 25(a)(2)(C); see also 8 U.S.C. § 1252(b)(1) (establishing 30-day filing requirement for petitions for review of BIA decisions); Arango-Aradondo v. INS, 13 F.3d 610, 612 (2d Cir. 1994) (applying prison-mailbox rule to petitions for review).[1] The government submits that Ahmed did not satisfy this rule because he failed to demonstrate timely filing in either of the two ways referenced in Rule 25(a)(2)(C). The circuits are divided as to whether these rule references are illustrative or exhaustive. Compare Douglas v. Noelle, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (illustrative); Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (implicitly accepting illustrative construction); Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) (same); United States v. Correa-Torres, 326 F.3d 18, 21-22 (1st Cir. 2003) (same), with Ingram v. Jones, 507 F.3d 640, 644-45 (7th Cir. 2007) (exhaustive); United States v. Ceballos-Martinez, 387 F.3d 1140, 1144 (10th Cir. 2004) (same)[2]; Grady v. United States, 269 F.3d 913, 918-19 (8th Cir. 2001) (same); Nara v. Frank, 264 F.3d 310, 315 n.3 (3d Cir. 2001) (suggesting references exhaustive in dicta),

---

[1] Some of the cases cited in this order address the prison-mailbox rule in the context of Fed. R. App. P. 4 rather than in the context of Fed. R. App. P. 25. Because the rules are identical in all material respects, differ only in whether they apply to notices of appeal filed in district courts (Rule 4) or to other submissions filed in the courts of appeals (Rule 25), and are complementary according to the Advisory Committee notes, we are persuaded that any interpretation of one logically applies to the other.

[2] But see United States v. Ceballos-Martinez, 387 F.3d at 1141-42 (Hartz, J.) (dissenting from denial of rehearing en banc and discussing why April 17, 1991 minutes of Judicial Conference Advisory Committee on Appellate Rules support conclusion that means of demonstrating timely filing referenced in Rule 4(c)(1) are illustrative rather than exhaustive).

overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). The government contends that in Arango-Aradondo v. INS, 13 F.3d at 612, this court sided with those courts adopting an exclusive construction. The argument reaches too far. In Arango-Aradondo, we observed only that the petitioner had demonstrated timely filing in one of the ways identified in Rule 25(a)(2)(C). See id. We did not consider whether, much less decide that, the rule specified the exclusive means of demonstrating timely filing. Indeed, the government points us to no case in which this court has ever found a filing untimely where the record demonstrated a prisoner delivered his papers to prison officials before the filing deadline.

In this case, the record strongly indicates that Ahmed delivered his papers to prison officials before the 30-day filing deadline. Ahmed has provided this court with what appears to be a contemporaneous document showing that he delivered his petition to a detention center staff member on December 12, 2008 – three days before the December 15, 2008 filing deadline. Significantly, the document bears the signature of the staff member who accepted delivery. The government has never questioned the validity of these documents or argued that Ahmed did not actually deliver them for mailing on December 12, 2008.

We need not inquire into the possibility of such a government challenge. Nor need we conclusively decide what showing of timely filing beyond the two means referenced in Rule 25(a)(2)(C) could satisfy the prison-mailbox rule. Assuming arguendo that Ahmed has

satisfied the rule, see Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004) (noting that where question of statutory rather than constitutional jurisdiction is presented, court may exercise hypothetical jurisdiction), his petition nevertheless fails because of the other jurisdictional concern raised in this case, i.e., the jurisdiction of the BIA.

An IJ who finds an alien removable is required to "inform the alien of [his] right to appeal [the] decision." 8 U.S.C. § 1229a(c)(5). Where the alien provides a knowing and intelligent waiver of that right, the IJ's decision becomes final and, thereafter, may not be reviewed by the BIA. See 8 C.F.R. §§ 1003.3(a)(1), 1003.39; see also In re Rodriguez-Diaz, 22 I. & N. Dec. 1320, 1322 (BIA 2000).

Here, the Notice to Appear that Ahmed received prior to the IJ's issuance of an oral decision advised Ahmed that he had the right to appeal an adverse decision by the IJ at the conclusion of the hearing. See Mirza Ali v. Mukasey, 525 F.3d 171, 174 (2d Cir. 2008) (requiring, inter alia, written notification of alien's right to appeal before waiver can be deemed knowing and intelligent). After being apprised of his right to appeal in writing and orally, Ahmed not only accepted the IJ's decision as final, but also expressly confirmed his understanding that doing so meant that he could not later appeal the decision and that immigration officers would attempt to send him to Sudan as soon as possible. On this record, we have little difficulty concluding that Ahmed waived his right to appeal. See id. (noting that "accepting an IJ's decision as final can serve as an effective waiver of appeal when the record of the interaction between the IJ and the alien fairly supports the conclusion that the

5

alien . . . understood the nature of the waiver" (citing <u>In re Rodriguez-Diaz</u>, 22 I. & N. Dec. at 1322-23)).

Any suggestion that the absence of a translator precluded a knowing waiver is unavailing. While Ahmed used the services of an interpreter at various times throughout the course of his immigration proceedings, he did not object to the IJ's conducting the hearing at issue without an interpreter. Because Ahmed refused to continue his July 2008 merits hearing when an interpreter was unavailable, we conclude that he was aware that he could have adopted a similar position at the hearing here at issue. This is particularly so given the IJ's explanation that he was continuing the hearing without an interpreter because he believed Ahmed understood English well. Indeed, the record reveals numerous instances in which Ahmed demonstrated his ability to speak and understand English. Accordingly, we conclude that Ahmed's waiver of appeal was knowing and intelligent.

We have considered Ahmed's remaining arguments on appeal and conclude that they lack merit. Because Ahmed waived his right to appeal the IJ's adverse decision, thus depriving the BIA of jurisdiction over his appeal, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court
