*745 GRIFFIN, Circuit Judge.
Petitioner James Edward Kitchen appeals the denial of his habeas petition claiming that the district court erred in denying his request for an evidentiary hearing and ruling that his petition was barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). We affirm.
I.
In 2004, petitioner Kitchen was charged with four counts of first-degree criminal sexual conduct involving a victim under the age of thirteen years old, Mich. Comp. Laws § 750.520b(l)(a). Before trial, the Michigan state court found Kitchen incompetent and remanded him to the Center for Forensic Psychiatry for treatment. The basis for the incompetency finding was petitioner’s delusional belief that he was the rightful owner of the state of Michigan. After fourteen months of treatment, Kitchen was discharged from the Center with instructions to remain on his prescribed medications. The state court subsequently found petitioner competent to stand trial, and he was thereafter convicted as charged. See People v. Kitchen, No. 267045, 2007 WL 750380, at *1 (Mich.Ct.App. Mar. 13, 2007). Kitchen appealed to the Michigan Court of Appeals, which affirmed his convictions on March 13, 2007. Id. After the time for appealing to the Michigan Supreme Court expired without Kitchen filing an application for leave to appeal, his convictions became final on May 9, 2007.
In October 2007, petitioner filed a pro se action in federal district court entitled “Writ of Release in Pursuance of Lack of Subject Matter Jurisdiction Writ of Quo Warranto to Vacate Void Judgment.” In substance, Kitchen requested the court to declare his convictions and sentences void under Federal Rule of Civil Procedure 60(b)(4), claiming that the attorneys and judges involved in his state criminal proceedings were foreign agents who had no jurisdiction to convict him. The magistrate judge issued a report and recommendation that the action be dismissed for failure to state a claim. Kitchen filed objections, but the district court adopted'the magistrate’s recommendation. Kitchen then timely, but unsuccessfully, appealed to this court, Kitchen v. Michigan, No. 08-2094 (6th Cir. April 30, 2009), and the United States Supreme Court, Kitchen v. Michigan, 558 U.S. 1028, 130 S.Ct. 630, 175 L.Ed.2d 486 (2009).
In June 2011, with assistance of counsel, Kitchen filed a motioñ for relief from judgment in state court. The trial court denied the motion, and both the Michigan Court of Appeals and Michigan Supreme Court denied his applications for leave to appeal. People v. Kitchen, No. 308897 (Mich.Ct.App. Nov. 8, 2012); People v. Kitchen, 494 Mich. 868, 832 N.W.2d 229 (2013). Also during this time, Kitchen filed several Uniform Commercial Code filings with the Michigan Department of State in 2006, 2009, and 2012 relating to a land grant patent that petitioner believed supported his claim that he was a sovereign prince.
Finally, on April 7, 2014, again with the assistance of counsel, petitioner filed this habeas petition. The magistrate judge issued a report recommending denial of the petition on the grounds that it was barred by the one-year statute of limitations. In objecting to the recommendation, Kitchen conceded that he filed his petition outside the one-year-time-frame, but claimed that he was entitled to equitable tolling of the statute of limitations based on his mental incompetency. He also requested an evi-dentiary hearing.
*746 The district court adopted the magistrate’s report and recommendation over petitioner’s objection. The court found that Kitchen failed to meet his burden for establishing that he was mentally incompetent because he failed to allege that he stopped taking the medication necessary to maintain his competency. The district court observed that Kitchen made unspecific, and at times conflicting, claims about his medicated status while in prison. The court further found that Kitchen’s unspecific allegations of mental incompetency made it difficult to evaluate whether his purported mental incompetency caused him to file an untimely habeas petition. The district court also denied Kitchen’s request for an evidentiary hearing, ruling that such a hearing was unnecessary given petitioner’s unfounded allegations of mental incompeteney. However, the district court granted a certificate of appealability regarding the issue of equitable tolling.
Thereafter, petitioner filed a motion to alter the judgment, Fed.R.Civ.P. 59(e), or for relief from judgment, Fed.R.Civ.P. 60(b), claiming that an inadvertent drafting error in his objections to the report and recommendation misled the court. Kitchen clarified that he had not received any psychiatric medication during his time in prison. Kitchen attached two mental health evaluations conducted by prison officials when he arrived at prison, one of which concluded that “[petitioner] does not have signs and symptoms of major mental illness” and that “[petitioner] does not require psychiatric treatment.” He also provided a personal affidavit averring that he received no medication while in prison and an affidavit from his attorney stating that petitioner’s prison medical file contained no records regarding mental health treatment.
The district court denied the motion. The court found that, although Kitchen provided support for his assertion that he did not receive medication while in prison, the evidence he provided on reconsideration established that he was mentally stable and aware of his legal options when he arrived at the prison in December 2005. Thus, the district court concluded that Kitchen failed to show he was mentally incompetent during the limitations period. Further, the court reaffirmed its decisions to deny an evidentiary hearing, but granted a certificate of appealability on the issue. Kitchen timely appeals.
II.
“[W]e review de novo the decision of the district court to deny equitable tolling as a matter of law or where the facts are undisputed, [but] ‘in all other eases, we apply the abuse of discretion standard.’ ” Ata v. Scutt, 662 F.3d 736, 741 (6th Cir.2011) (quoting Dunlap v. United States, 250 F.3d 1001, 1007 & n. 2 (6th Cir.2001)). We review a district court’s decision to deny an evidentiary hearing for an abuse of discretion. Id.
The habeas petition at issue is governed by-the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). Under AEDPA, a petitioner is required to file his habeas petition within one year of the date that his time for direct appeal expired.[1] 28 U.S.C. § 2244(d)(1)(A). Here, that time expired on May 9, 2007, giving petitioner until May 9, 2008, to file a federal habeas petition. Kitchen missed that deadline by nearly six years, not filing *747 his habeas petition until April 7, 2014. On appeal, Kitchen concedes that he filed his petition after the one-year deadline, but contends that the district court erred in refusing to apply equitable tolling because of his mental ineompetency.
To obtain equitable tolling based on mental ineompetency, “a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA’s statute of limitations.” Ata, 662 F.3d at 742. However, equitable tolling should be applied “sparingly,” id. at 741, and mental ineompetency is not a per se reason to toll the statute of limitations. McSwain v. Davis, 287 Fed.Appx. 450, 456 (6th Cir.2008). Rather, a petitioner must show “a causal link between the mental condition and untimely ñling.” Ata, 662 F.3d at 742. The burden of production and persuasion rests on the petitioner to show he or she is entitled to equitable tolling. Id. at 741.
To obtain equitable tolling in this case, petitioner must first demonstrate that he was mentally incompetent during the statute of limitations period. At the outset, we note that petitioner presented no evidence of his mental health status during the relevant time period, from May 9, 2007, to May 9,2008. In fact, the evidence in the record — information regarding petitioner’s prison medical file — tends to show that petitioner was not suffering from any mental illness during the limitations period. Instead of mental illness, petitioner’s most recent mental health evaluations, on December 6 and 16, 2005, found petitioner was without “signs and symptoms of major mental illness”- and that his “[mjental status [was] stable at [that] time.”
Petitioner argues that this evidence — or lack thereof — is actually evidence that he was mentally incompetent. Relying on the discharge instructions from his pretrial treatment that he should remain on his medications in order to maintain his competency, Kitchen argues that it is reasonable to infer that he became mentally incompetent because he stopped taking his medications in prison. The district court did not accept this inference, finding instead that the most recent evaluations of petitioner’s mental health concluded that Kitchen was mentally stable and not in need of psychiatric treatment. On this record, we find no clear error in the district court’s findings of fact or abuse of discretion in its rulings. See Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir.2010) (“Because the district court exercised its discretion and the facts are disputed, we review the district court’s decision for abuse of discretion.”). Petitioner’s argument is based on-speculation and conjecture, and it is entirely inferential. As Kitchen presented no medical evidence showing he was incompetent at any point after December 2005, he failed to carry his burden to demonstrate ineompetency during the limitations period.[2]
Even if we were to accept that petitioner was mentally incompetent during the limitations period,- petitioner failed to allege how his mental ineompetency prevented him from filing a timely habeas petition. See McSwain, 287 Fed.Appx. at 457 (upholding the denial of equitable tolling because, although the record supported the petitioner’s assertion of mental illness, “it does not contain evidence to support a causal connection between her mental illness and her ability to file a timely federal habeas petition”). With respect to this requirement, petitioner claims *748 that he suffered from mental incompetency before and during his criminal trial and that that incompetency continued during the relevant tolling period. This claim is contradicted by the record, which shows that petitioner was declared competent to stand trial months before he was tried, and that competency was confirmed one week before trial. Thus, there is no factual basis in the record to claim that petitioner’s delusions hindered his ability to assist his trial counsel.[3] And with that factual premise removed, petitioner’s argument for a “causal link” fails. Petitioner’s argument is also inconsistent with his theory that it was the prison officials’ decision to stop providing him medication that caused him to become mentally incompetent during the statute of limitations period. Kitchen was receiving medication in jail in the months leading up to trial. Thus, he cannot assert that he was mentally incompetent during that time without also undermining the underlying premise of his equitable tolling claim, which is that his medicated status has a direct bearing on his mental competency.
Moreover, during the relevant one-year time period, Kitchen was able to file a civil suit in federal court challenging his confinement. He stresses that the “quasi-legalistic ramblings” in these pleadings evidences his inability to file a habeas petition. But the relevant inquiry is whether petitioner’s mental incompetency prevented him from filing a timely petition, not a meritorious one. See Ata, 662 F.3d at 742 (“[A] causal link between the mental condition and untimely filing is required.”) (emphasis added). The fact that Kitchen was able to file a civil action in federal court challenging his confinement within the one-year limitations period demonstrates that any mental incompetency did not prevent him from pursuing his legal rights in a timely, albeit unsuccessful, manner. See Bilbrey v. Douglas, 124 Fed.Appx. 971, 973 (6th Cir.2005) (disallowing equitable tolling where the habeas petitioner had pursued state court litigation even during the periods when her mental condition was the most impaired); Price v. Lewis, 119 Fed.Appx. 725, 726-27 (6th Cir.2005) (disallowing equitable tolling based on mental illness where the habeas petitioner had actively pursued his claims during the limitations period). Notably, petitioner was able to comply with the timing requirements during that litigation, filing timely objections to the magistrate’s report and appealing the district court’s adverse decision to this court and the Supreme Court. Thus, petitioner’s litigation-related conduct undermines his argument that any mental incompetency made it impossible for him to file a timely habeas petition. Because Kitchen has failed' to allege facts showing that his alleged incompetency caused him to not comply with the statute of limitations, we affirm the district court’s decision to deny equitable tolling on the basis of mental incompetency.[4]
*749 III.
Kitchen alternatively argues that the district court erred in denying his request for an evidentiary hearing. As noted above, the decision to grant an evidentiary hearing rests in the sound discretion of the district court. Ata, 662 F.3d at 742. In evaluating a request for an evidentiary hearing, district courts must “determine if the factual allegations are sufficient to support equitable tolling and [must] review the state court record in order to establish whether petitioner’s assertions are refuted by the record or otherwise without merit.” Id. A petitioner is entitled to an evidentiary hearing if the “allegations, accepted as true, show that he is mentally incompetent and that his mental incompetence prevented him from timely filing his petition.” Id. at 743 (citing McSwain, 287 Fed.Appx. at 458).
For the same reason the district court did not err in denying Kitchen, equitable tolling, it did not err in denying his request for an evidentiary hearing. Petitioner has not alleged facts showing that his purported mental incompetency caused him to file an untimely habeas petition. Also, the evidence in the record does not support his claim. Kitchen has failed to make a threshold showing of how and why an evidentiary hearing could change the decision of the district court. See Williams v. Bagley, 380 F.3d 932, 977 (6th Cir.2004) (“[T]he district court did not abuse its discretion in denying [the petitioner’s] request [for an evidentiary hearing], given his failure to specify ... what could be discovered through an evidentiary hearing.”); Stanford v. Parker, 266 F.3d 442, 460 (6th Cir.2001) (“[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.”). On this record, an evidentiary hearing would be a futile exercise and a waste of valuable judicial resources. Because the facts existing on the record, taken as true, do not state a viable claim for equitable tolling, the district court did not abuse its discretion in denying petitioner’s request for an eviden-tiary hearing. Ata, 662 F.3d at 742.
IV.
For these reasons, we affirm the district court’s judgment.

. Although AEDPA provides four possible dates that trigger the statute of limitations period, see 28 U.S.C. § 2244(d)(l)(A)-(B), petitioner does not argue that another triggering date applies to his petition, nor does he contest the district court’s conclusion that the statute of limitations began to run on May 9, 2007.

. In this respect, we believe the dissent’s contrary position is inconsistent with the requirement that petitioner bear the burden of showing mental ineompetency. See Ata, 662 F.3d at 741.

. In fact, the evidence petitioner relies on for the fact that he was mentally incompetent before his criminal trial (the discharge summary from the Center for Forensic Psychiatry) instead establishes that his "beliefs had nothing to do with his charges” and that "[petitioner] was competent[;] he did not want to cooperate with the legal process.”

. In concluding to tire contrary, the dissent asserts that "we must accept as true [petitioner's assertion] that his mental state deteriorated and his delusions stood in the way of his ability to adhere to the statutory deadline.” We disagree for several reasons. First, petitioner's affidavit contained no allegations that his mental health deteriorated or that any mental incompetency prevented him from timely filing. Second, petitioner’s assertion in his briefing that the same incompetency that afflicted him during his criminal trial continued during the tolling period is contradicted by record evidence that he was, in fact, found competent shortly before trial, as well *749 as evidence that his “beliefs had nothing to do with his charges.” Thus, there is no record support for the claim that any purported mental incompetency made it impossible for him to file an untimely habeas petition.