NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0230n.06

Case No. 21-1747

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

LEANDER MANN (#55849-039),

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 16, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: GIBBONS, THAPAR, and BUSH, Circuit Judges.

THAPAR, Circuit Judge. From the day his sentence became final, federal prisoner Leander Mann had one year to file a habeas petition. He missed that deadline, and the district court dismissed his petition as untimely. Because Mann does not establish that his deadline should have been tolled, we affirm.

I.

While on parole, Mann was found in possession of drugs, guns, and ammunition. Ultimately, he pled guilty to possession with intent to distribute cocaine. The district court entered judgment in Mann's case on November 6, 2019. Mann did not appeal his sentence of 167 months' imprisonment.

The COVID-19 pandemic struck several months later. Beginning in January or early February 2020, a "severe[,] flu[-]like" illness—possibly COVID—began circulating in Mann's prison. R. 154, Pg. ID 1665. Trying to contain the outbreak, officials restricted the prisoners'

movement, reducing Mann's law-library access. In late February, Mann fell ill. The illness left him bedridden for a week, and he continued experiencing severe symptoms through the end of March.

As infections spiked, prison officials implemented a full lockdown. From March through June or early July, inmates were ordered to remain in their cells. During this period, Mann lost law-library access entirely. He also believed (incorrectly) that the courts closed for about ninety days. In reality, the federal courthouse in Detroit suspended nearly all in-person proceedings due to COVID-19, but it continued to accept filings.

In July, the lockdown lifted. On July 15, Mann filed a motion for compassionate release. Two weeks later, the court appointed a lawyer for the limited purpose of helping Mann with the motion.

From July onwards, Mann reports two more brief interruptions. In September, a transfer to a new facility eliminated Mann's access to his legal materials for eight days. Several days later, he was transferred again, resulting in a loss of access for another sixteen days. Otherwise, Mann litigated unimpeded. On September 16, during the transfers, he petitioned the warden for compassionate release. And on October 27, now with the aid of counsel, Mann filed an updated compassionate-release motion with the district court.

When the court denied Mann's motion for compassionate release, Mann appealed. On January 6, 2021, he also filed this habeas petition.[1] For good measure, two days after he filed his habeas petition, Mann filed a notice of appeal of his original conviction.

---

[1] Although the habeas petition was stamped January 13, it was signed January 6. For our purposes, January 6 is the date that counts. Generally, pro se prisoners' legal materials are treated as filed the day they are turned in for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). And absent contrary evidence, we assume they are turned in the day they are signed. *Id*.

The government moved to dismiss Mann's habeas petition as untimely. A magistrate judge recommended tolling the filing deadline. The district court rejected that recommendation and dismissed Mann's petition. It also denied him a certificate of appealability. Our circuit granted one, and this appeal followed.

## II.

In general, a prisoner seeking federal habeas relief must file his petition within one year from the day his sentence becomes final. 28 U.S.C. § 2255(f). While this filing deadline can be tolled, tolling is the exception, not the rule. *Robertson v. Simpson*, 624 F.3d 781, 783–84 (6th Cir. 2010). To toll the deadline, a prisoner must show that (1) an extraordinary circumstance kept him from filing on time, and (2) he diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010).[2]

The parties agree that Mann's petition was late. Judgment became final in Mann's case on November 20, 2019, when he failed to file a timely direct appeal. *See* Fed. R. App. P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1). Thus, Mann's January 2021 petition was six weeks late.

The question is whether Mann is entitled to equitable tolling. Since he has neither shown extraordinary circumstances that kept him from filing nor that he diligently pursued his rights, he is not.

---

[2] Technically, the limitation periods in *Holland* and in this case rely on different statutory provisions. Since *Holland* involved a challenge to a state conviction, 28 U.S.C. § 2244(d) supplied the filing deadline, while here 28 U.S.C. § 2255(f) does, since this involves a challenge to a federal sentence. However, these sections have similar text, and the parties treat Section 2244(d) and Section 2255(f) the same, as do our cases in this context. *Compare* 28 U.S.C. § 2244(d), *with* 28 U.S.C. § 2255(f); *see, e.g.*, *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012); *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012); *Simmons v. United States*, 974 F.3d 791, 796 (6th Cir. 2020). We follow the parties and assume that the same principles apply to both provisions.

A.

*Extraordinary Circumstances*.  Mann claims that extraordinary circumstances kept him from meeting the statutory filing deadline.  But extraordinary circumstances by themselves do not merit tolling.  Rather, a petitioner must show that the circumstances actually caused him to miss the deadline.  *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011); *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) ("[A] causal link between the [extraordinary circumstance] and untimely filing is required.").  In other words, he must demonstrate that they made compliance impossible.  And when the "extraordinary circumstances" end months before the deadline expires, that is usually not enough to meet the burden.  Why?  Because the prisoner must still show that the circumstances, even after they had abated, kept him from filing.  *See Holland*, 560 U.S. at 649 (The extraordinary circumstance must have "prevented timely filing."); *see also, e.g.*, *Smalls v. Collins*, 10 F.4th 117, 146 (2d Cir. 2021).

Mann does not carry this burden.  He identifies two extraordinary circumstances:  (1) the debilitating illness he suffered from late February through March, and (2) the additional twenty-four days he lost during prison transfers in September and early October.  *See* Reply Br. 3, 8.  Even crediting these allegations, they only account for two months.  Subtracting this time from the year-long limitations period, Mann still had ten full months in which to file.  Since Mann does not explain why ten months was insufficient to permit him to meet the filing deadline, he fails to meet his burden.

Factoring in the mid-January to February library restrictions and the March to June lockdown does not alter the analysis.  Subtracting those periods still left Mann with five to six months entirely unimpeded.  If that period was insufficient, Mann does not explain why.

Moreover, the record suggests that none of these impediments—except his illness—actually stopped Mann from litigating. *Cf. Ramirez-Matias v. Lynch*, 631 F. App'x 339, 343 (6th Cir. 2015). On July 15, just a few days after the lockdown ended, Mann filed a twenty-page motion for compassionate release citing both statutory and legal authority. From July 31 onward, he enjoyed the aid of counsel on his compassionate-release motion. Mann was also able to file grievances and to petition the warden for compassionate release, despite the transfers. So even crediting Mann's assertion that circumstances made litigating harder, the record does not support his claim that the transfers prevented him from doing so entirely.

In response, Mann argues that, at a minimum, he is entitled to tolling for the period of his illness and for the transfers. In other words, he reasons that for each day that he can show that he was prevented from filing, he is entitled to have another day added to the clock. But equitable tolling applies when circumstances make compliance with the deadline impossible, not when they merely reduce a petitioner's time to comply. *See Holland*, 560 U.S. at 649; *Smalls*, 10 F.4th at 1445–46; *cf. Ata*, 662 F.3d at 743 (tolling the statute when the allegations, construed in the petitioner's favor, showed that he was incapacitated for the full limitation period). So even if Mann was physically unable to file for two months, he must still show that compliance with the deadline was impossible before it could be tolled for that period.

## B.

Mann also fails to show that he diligently pursued his rights. Doing so requires demonstrating that he took reasonable steps to develop and file his habeas petition during the limitations period. *Holland*, 560 U.S. at 653; *see Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012) (lack of diligence, even for five months, precludes equitable tolling (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)). The trouble for Mann is that, aside from filing grievances

to challenge his lack of access to legal materials from September 8 to October 2, 2020, he does not articulate or show that he pursued his habeas petition at all.

True, Mann did pursue compassionate release during that time. But the inquiry asks whether the prisoner diligently pursued these rights in particular, not whether the petitioner was diligent in general. *Cf. Jones v. United States*, 689 F.3d 621, 628 (6th Cir. 2012); *Levy v. Osborne*, 734 F. App'x 960, 964 (6th Cir. 2018); *see also Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020) (en banc) ("[I]n every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity."). Section 2255(f)'s deadline would matter little if a petitioner could pursue other forms relief until each was exhausted before turning to his habeas claim. By imposing a deadline, Section 2255(f) asks prisoners to prioritize their petitions. And if a prisoner does not, he must live with that choice.

To excuse his lack of diligence, Mann points out that he mistakenly thought the pandemic forced courts to close for ninety days. Mann's error could be viewed as a mistake of fact: that the courts ceased all business for ninety days. Or it could be seen as a mistake of law: that closure automatically tolls the limitations period. Either way, it does not change the outcome.

Mistakes of law do not justify equitable tolling, so taken that way, Mann's error is a nonstarter. *See McSwain v. Davis*, 287 F. App'x 450, 457 (6th Cir. 2008) (citing *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005)). And as a mistake of fact, Mann's belief that the courts closed for ninety days would only explain ninety days of inaction, leaving him still to account for the remaining nine months. Mann also apparently knew the courts were open again by July 15, since that is when he filed his initial compassionate-release motion. So his mistake would not excuse inaction after that date. Finally, Mann was counseled from July 31 onward. If there was any doubt about whether the courts were open or the deadlines were tolled, he could have asked his attorney.

*Cf. Levy*, 734 F. App'x at 964. So, regardless of the nature of Mann's mistake, it neither shows reasonable diligence nor excuses a lack of diligence.

In short, Mann has not met his burden.

### III.

Mann is not entitled to a hearing either. Evidentiary hearings give habeas petitioners a chance to show their allegations are true. *Ata*, 662 F.3d at 742. But there is no reason to hold a hearing when the allegations, even if true, do not qualify a petitioner for relief. *Id*. at 742 n.6; *see Kitchen v. Bauman*, 629 F. App'x 743, 749 (6th Cir. 2015). Since Mann fails to allege a meritorious equitable tolling claim, any hearing would be futile.

\* \* \*

We affirm.