William G. SMITH, Petitioner–Appellant,

v.

Robert E. BEIGHTLER, Warden, Respondent–Appellee.

No. 02–3294.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2002.

Before MARTIN, Chief Judge; RYAN, Circuit Judge; and COHN, District Judge.*

### ORDER

William G. Smith, an Ohio state prisoner, appeals pro se a district court order dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith was charged in 1990 with twenty-two counts of rape involving his twelve-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

year-old daughter and her friend. He entered a guilty plea to four counts of attempted rape, and was sentenced to five to fifteen years of imprisonment each, to be served concurrently. In this petition for federal habeas corpus relief, filed in April 2001, he argued that his plea was involuntary because he was taking psychotropic medication at the time. A magistrate judge recommended that the petition be dismissed as barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). Over Smith's objections, the district court adopted this recommendation and dismissed the petition.

The record in this case shows that Smith's conviction became final long before the passage of the Antiterrorism and Effective Death Penalty Act and its statute of limitations. He therefore had one year from the passage of that Act in April 1996 to file his petition for federal habeas corpus relief. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999). The statute ran for five months before it was tolled by Smith's properly filed motion for a delayed direct appeal. The motion was denied by the Ohio Court of Appeals in April 1997. However, one month later the court allowed Smith to reopen the appeal because he had been appointed counsel who had never filed a brief, causing the court to consider only the issues raised in Smith's original pro se brief. The court directed appointed counsel to brief certain issues, but apparently no brief was ever filed, as the appeal was dismissed for want of prosecution in April 1999. Smith filed a motion for reconsideration of the dismissal, which was dismissed as untimely. In December 1999, Smith filed his first federal habeas corpus petition, which was dismissed for failure to exhaust state remedies in October 2000. In January 2001, Smith moved for a delayed appeal to the Ohio Supreme Court, which denied his motion in February 2001.

■ The district court concluded that the statute of limitations had expired in January 1998, seven months after the period for filing an appeal to the Ohio Supreme Court from the original state court of appeals decision addressing the issues raised in Smith's pro se brief. Smith argues that the statute was also tolled during the period the court allowed the appeal to be reopened. The district court did not include this period because it determined that it involved a motion to reopen the direct appeal, which in Ohio can only be used to raise a claim of ineffective assistance of appellate counsel, an issue not presented in this petition, relying on *Austin*, 200 F.3d at 395. Smith points out that his reopened appeal was not such a motion to reopen, but was permitted to allow briefing by appointed counsel. However, even if this period is counted in the tolling of the statute of limitations, the present petition remains barred. When the reopened appeal was dismissed in April 1999, seven months remained in the statutory period. Although Smith filed a motion for reconsideration of the dismissal, it was rejected as untimely and therefore cannot be found to be properly filed for tolling purposes. *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1985, 152 L.Ed.2d 1041 (2002). Smith's subsequent attempt to file a delayed appeal to the Ohio Supreme Court in January 2001 had no effect on the statute of limitations, which had already expired. This petition, not filed until April 2001, was outside the statute.

■ Smith also argues in his brief on appeal that he is entitled to equitable tolling because he is blind and must rely on others to assist him in accessing the courts. We conclude that this argument does not meet the standards required for invocation of equitable tolling, as it does not establish that Smith lacked knowledge of the filing requirement, that he was diligent in pursuing his rights, or that the

respondent would not be prejudiced by the delay. *Dunlap v. United States,* 250 F.3d 1001, 1008–09 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). Smith does not even argue that he was unaware of the filing requirement or that the respondent would not be prejudiced by the delay. Certainly, diligence cannot be found where Smith waited six years to challenge his conviction in the state courts, filed an untimely motion for reconsideration of the dismissal of his appeal, and failed to appeal to the Ohio Supreme Court for over one year following the dismissal. Smith has not shown how his physical impairment excuses all of these lapses of diligence.

Therefore, the dismissal of this petition as barred by the statute of limitations is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.