**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0012n.06
Filed: January 5, 2005

**No. 03-6467**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| HARTWELL D. PRICE, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| VIRGINIA LEWIS, Warden, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellant. | ) | |

Before: SUTTON and COOK, Circuit Judges; ALDRICH, Senior District Judge.[*]

COOK, Circuit Judge. Respondent-Appellant Warden appeals the district court's grant of the writ of habeas corpus to Petitioner-Appellee Hartwell Price. We reverse because Price filed an untimely petition.

I

Price filed a § 2254 petition for writ of habeas corpus in the district court alleging both ineffective assistance of counsel and the invalidity of his guilty plea. The Warden moved to dismiss, contending that Price failed to file the petition within the one-year limitations period provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Concluding that

_____

[*]The Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Price's petition was timely, the district court denied the motion and eventually granted the writ of habeas corpus.

On appeal, the Warden maintains that the district court erred in treating Price's petition as timely. Though Price now concedes that he filed his petition beyond the allowed one-year period, he urges this Court to consider the petition timely by application of the doctrine of equitable tolling.

II

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). The petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Id*. "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotation marks omitted).

Price argues that his "serious medical and psychiatric problems" (Appellee's Br. at 21) entitle him to equitable tolling. Specifically, Price claims that during the limitations period: he suffered from a variety of mental illnesses; he was in a "lock down" psychiatric unit for psychiatric treatment for approximately two months; he underwent ear surgery; and he began experiencing symptoms of tardive dyskinesia, a neurological syndrome caused by long-term use of neuroleptic drugs. (*Id*. at 20-21.)

Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (discussing mental illness); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 168-70 (S.D.N.Y. 2000) (discussing physical and mental illness and collecting cases). Price fails to satisfy this burden because, as the Warden argues, Price actively pursued his claims during the limitations period by seeking and obtaining help completing legal paperwork. (J.A. at 85.) "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee*, 232 F.Supp. 2d 761, 768 (E.D. Mich. 2002). *See also, Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time" (citation and internal quotation marks omitted) (emphasis added));*Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (finding equitable tolling inappropriate where the evidence demonstrated the plaintiff's ability to file his claim, in spite of his mental condition); *Lopez v.Citibank*, *N.A.*, 808 F.2d 905, 907(1st Cir. 1987) (same).

That Price filed his petition only thirty days beyond the limitations period does not alter our conclusion. "'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'" *Vroman*, 346 F.3d at 604 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

III

Price having failed to carry his burden to persuade us that his case presents the exceptional circumstances justifying equitable tolling, we reverse the decision of the district court granting the writ and dismiss his petition as untimely.

**ANN ALDRICH, District Judge, Dissenting.** I join the panel's opinion in full with respect to its statement of the facts and posture of the case, and its analysis of the district court's application of AEDPA. Because I believe that further development of the record is necessary before resolving the issue of equitable tolling, I respectfully dissent.

Having correctly determined that Price's petition was untimely under the applicable standard, the panel proceeds to dismiss the appellee's allegations of "serious medical and psychiatric problems" and to conclude that Price is not entitled to equitable tolling. In so doing, the panel disregards Price's previous inability to present facts and testimony on this issue. As the district court's grant of relief prevented it from considering equitable tolling, I believe that remand is appropriate.

Tradition, bolstered by sound principles of deference and institutional competency, has made it axiomatic that district courts are best suited to the resolution of fact-intensive issues, such as the potential applicability of equitable tolling. The Ninth Circuit has lately reaffirmed its commitment to these principles, and within a very similar context. "Because determinations of ... whether there are grounds for equitable tolling are highly fact-dependant, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). *See also United States v. Battles*, 362 F.3d 1195, 1199 (9th Cir. 2004)(remanding for consideration of equitable tolling, although claim "may turn out to be a mere thread paper"); *Molina v. United States*, 27 Fed. Appx. 796, 797, 2001

5

U.S. App. LEXIS 24704 (9th Cir. Nov. 13, 2001)(remanding where district court neither conducted evidentiary hearing nor made findings of fact on equitable tolling).

I would adopt this sound approach, and allow Price to present his full case for equitable tolling before the district court.