NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0194n.06

No. 10-2253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Feb 16, 2012**

LEONARD GREEN, Clerk

PATRICIA PLUMMER,                        )
                                          )
    Petitioner-Appellant,             )
                                          )   ON APPEAL FROM THE UNITED
v.                                        )   STATES DISTRICT COURT FOR THE
                                          )   EASTERN DISTRICT OF MICHIGAN
MILLICENT WARREN,                        )
                                          )
    Respondent-Appellee.              )   OPINION
                                          )

**Before: MOORE, SUTTON, and DONALD, Circuit Judges**

**BERNICE B. DONALD, Circuit Judge.** Petitioner-Appellant Patricia Plummer is a Michigan prisoner who filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied Plummer's petition and dismissed it with prejudice, concluding that the petition was untimely and that Plummer was not entitled to equitable tolling of the limitation period. Plummer appeals the dismissal of her petition. For the following reasons, we affirm.

**I. Background**

In 2001, Petitioner-Appellant Plummer was convicted in Genessee County Circuit Court on two counts of felony murder, Mich. Comp. Laws § 750.316(1)(b), one count of armed robbery, Mich. Comp. Laws § 750.529, and one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(1). She was sentenced to two years in prison for the firearm charge

and consecutive sentences of life imprisonment without parole for the felony murder and armed

robbery counts.  Plummer appealed her conviction, challenging the sufficiency of the evidence and

the late endorsement of a prosecution witness.  The Michigan Court of Appeals affirmed her

conviction on September 18, 2003, and on March 30, 2004, the Michigan Supreme Court denied her

application for leave to appeal the judgment of the Court of Appeals.

On March 28, 2005, Plummer filed a petition for habeas corpus relief in the Eastern District

of Michigan.  Soon thereafter she filed a motion to hold in abeyance and/or dismiss without

prejudice her habeas petition so she could return to state court to federalize her claims and exhaust

state remedies on others.  The district court granted the motion to dismiss without prejudice but

declined to hold the case in abeyance.  *See Plummer v. Davis*, 2005 WL 1028239 (E.D. Mich. Apr.

29, 2005).  In its order dismissing the petition, the district court explained to Plummer that federal

law created a one-year statute of limitations for a habeas petition filed by a state prisoner.  Because

nine months of that period had expired before Plummer filed her habeas petition,  Plummer only had

three months remaining.  The district court then explained that

> [U]pon dismissal of this action without prejudice, Petitioner will have three months
> remaining of the one-year period.  Assuming that Petitioner proceeds with her state
> court remedies in a prompt fashion (before the expiration of the remaining three
> months), the statute of limitations will be statutorily tolled while Petitioner pursues
> state collateral review.  *See* 28 U.S.C. § 2244(d)(2).  At the conclusion of those state
> proceedings, Petitioner should be able to return to federal court within the remaining
> days of the one-year period.

*Id.* at *2.

Plummer waited forty-six days, until June 15, 2005, to file a post-conviction motion with the Michigan trial court. On June 20, 2005, the Michigan trial court denied her motion. Plummer filed an application for leave to appeal the denial to the Michigan Court of Appeals, but it too was denied. On December 28, 2006, the Michigan Supreme Court denied Plummer's application for leave to appeal, which ended her state collateral review process.

On September 13, 2007, Plummer filed another habeas petition in federal court, well after the statute of limitations had expired. With her petition Plummer included a statement of delay explaining that she had to find help and was not experienced or educated in the law. Respondent answered the petition both substantively and with a passing reference to the statute of limitations. In her traverse, Plummer did not respond to Respondent's statute of limitations defense.

On January 21, 2010, the district court denied Plummer's petition. Reciting the time line of Plummer's claims, the district court pointed out that her petition was filed after the one-year statute of limitations had expired. Noting that the one-year limitation period is subject to equitable tolling, the district court applied the five-prong test explained in *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), and determined that Plummer was not entitled to equitable tolling in this case. On March 24, 2010, Plummer filed a notice of appeal from the district court's order denying her habeas petition.

## II. Analysis

Plummer argues that she was entitled to equitable tolling of the statute of limitations because her physical disabilities prevented her from timely filing her petition. She also alleges that the district court violated her due process rights by not giving her notice and an opportunity to be heard on the application of the statute of limitations as a bar to her claim. "[W]e review *de novo* the decision of the district court to deny equitable tolling as a matter of law or where the facts are undisputed." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). "[I]n all other cases, we apply the abuse of discretion standard." *Dunlap v. United States*, 250 F.3d 1001, 1007 n. 2 (6th Cir. 2001).

## A. AEDPA's one year statute of limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies a one-year statute of limitations to habeas corpus petitions raised by persons in custody pursuant to a state judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of four possible events. *Id.* In this case, the event that triggered the beginning of the limitation period was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitation period is tolled, however, during the pendency of any properly filed application for state post-conviction or other collateral review. *Id.* § 2244(d)(2).

Plummer concedes that she filed her petition after the one-year limitation period had ended, but the AEDPA statute of limitations is subject to equitable tolling. *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2560 (2010). Plummer's petition is barred unless she is entitled to equitable tolling.

## B. Equitable tolling standard

Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). Courts grant equitable tolling "sparingly." *Id.* at 784. The petitioner bears the burden of showing that she is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

This court formerly used a five-factor test when considering whether a petitioner was entitled to equitable tolling. *See Dunlap*, 250 F.3d at 1008. The district court relied on this standard when analyzing whether Plummer was entitled to equitable tolling of the AEDPA limitation period. Due to developments that occurred after the district court entered its order, the *Dunlap* standard is no longer good law. In *Holland*, the Supreme Court outlined a new two-prong standard for determining when a habeas petitioner is entitled to equitable tolling. Under *Holland*, a petitioner must establish first "that he has been pursuing his rights diligently" and second "that some extraordinary circumstance stood in his way and prevented timely filing." 130 S.Ct. at 2562 (internal quotation marks omitted). This court has explained that "[w]ith *Holland* now on the books, the 'extraordinary

circumstances' test . . . has become the law of this circuit." *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 750 (6th Cir. 2011).

## C. Plummer's arguments for equitable tolling

Having determined the proper standard for equitable tolling, we now apply that standard to Plummer's case. Plummer's primary argument is that her physical disabilities entitled her to equitable tolling. She also insists that the district court denied her due process by not giving her notice and an opportunity to be heard before denying her petition as untimely.

### 1. *Notice and opportunity to be heard*

Plummer contends that she received no notice that the statute of limitations would be fatal to her case. Her position is unavailing. The record shows that she either knew or should have known that her petition was untimely and could be dismissed for that reason.

First, Plummer recognized that her petition was late when she filed it. When the district court dismissed her original petition, it set forth in detail the time frame within which she would have to exhaust her state remedies and reassert her claims in federal court. While Plummer did not timely file her second habeas petition, she did include with it a "Statement of Facts Explaining Delay" that she signed the same day she filed the petition. The statement reads in relevant part : "My Application for Leave is delayed because: a. I had to find help. b. I am not experienced or educated in the law." While Plummer makes no mention of medical disabilities as an explanation for her

delay, she nonetheless offered a justification for the tardiness of her filing. Her need to provide a justification cuts against her argument that she had insufficient notice of the statute-of-limitations issue.

Second, Respondent raised the statute of limitations as a defense in its response. The response read: "Respondent now answers the petition and amended petition and requests that both be denied for the reasons stated in the Argument section herein. In addition, Respondent asserts any and all available defenses, *including the statute of limitations*." While Respondent did not elaborate on the invocation of the statute of limitations defense, Plummer did not address the issue in her traverse. Noting that she was "not contending that she was unaware of the statute of limitations or its possible fatal effects on her petition," Plummer nonetheless contends that "she was not given adequate notice that the court would be making that determination based on the Respondent's passing reference to the defense in her answer."

The Supreme Court has explained that a district court may *sua sponte* dismiss a habeas petition for untimeliness but only after giving the parties "fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). Plummer is trying to import the *sua sponte* standard to a circumstance where the respondent raised the statute of limitations as an affirmative defense. As to the lack of legal argument or explanation with regard to the statute of limitations, respondents only need to *raise* or *state* the statute of limitations as a defense, not explain it. *See id.* at 202 ("Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto."); Fed. Habeas Corpus R. 5(b) (response "must

state whether any claim in the petition is barred by . . . a statute of limitations."). Respondent raised

the statute of limitations in her response, and the district court considered the defense and Plummer's

reasons for the delay in filing the petition even though Plummer chose not to respond to the statute

of limitations in her traverse. No additional notice was necessary.

### 2. *Physical disability and entitlement to equitable tolling*

Plummer contends that she suffers from severe physical disabilities that are the type of

"extraordinary circumstance" *Holland* envisions. Affidavits Plummer included in the district court

record suggest that she suffered from migraines, hip deterioration and dislocation, severe pain,

wheelchair confinement, seizures, liver disease, hepatitis C, pneumonia, severe stomach troubles,

and rectal bleeding. According to Plummer she was physically unable to go to the law library,

prepare filings, and could not understand the law. Respondent argues that because Plummer's

evidence of physical disability was attached to motions for extensions of time, not to her petition or

traverse, it should not be considered in the equitable tolling analysis. We need not answer that

question because even considering the evidence Plummer points to in the record she would not be

entitled to equitable tolling as she cannot demonstrate an extraordinary circumstance.

"Illness—mental or physical—tolls a statute of limitations only if it actually prevents the

sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x

725, 726 (6th Cir. 2005). Plummer's evidence–affidavits submitted by herself and Donna Trapani,

another inmate at Plummer's prison–does not show that she was prevented from pursuing her legal rights during the limitation period.

In their affidavits, Plummer and Trapani concede that Plummer did not do her own legal work. Plummer affirmed that "I have always had to have all my legal filings researched and prepared by others" and "I had to rely on a prisoner law clerk to do all legal work for me including this Writ of Habeas Corpus pending before the Court." Trapani stated that "Plummer relies on the law library clerks to do all her legal work for her." Because Plummer was not doing her own legal work, her physical disabilities could not have impacted the timeliness of their filing.

Further, a comparison of Plummer's federal habeas petition and the petition for collateral review that she filed with the Michigan trial court demonstrates that she raised the exact same issues in both. Additional legal work was thus unnecessary. Plummer's alleged disabilities would not have prevented her from pursuing her legal rights.

We are not persuaded that the information Plummer points to in the record regarding her physical disability shows that extraordinary circumstances prevented her from filing her petition.[1] Likewise, the district court correctly concluded that the reasons Plummer actually gave for the delay in filing her petition—namely her need to find help and inexperience in the law—are not extraordinary circumstances warranting equitable tolling. *See Griffin v. Rogers,* 399 F.3d 626, 637

---

[1] Because we find no extraordinary circumstance warranting equitable tolling, we do not address the other prong of *Holland*—whether Plummer was pursuing her rights diligently.

(6th Cir. 2005) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002) (finding that the petitioner was not entitled to equitable tolling because he was blind and had to rely on others to assist him in accessing the courts). Accordingly, Plummer was not entitled to equitable tolling of the limitation period.

## III.  Conclusion

For the reasons stated above, we AFFIRM the judgment of the district court dismissing Plummer's petition as untimely.