McKEAGUE, Circuit Judge,
dissenting.
The majority purports to be crafting a narrow opinion based on the severity of Roy Stiltner’s mental incapacity.'It is careful to note that it is “not hold[ing] that a finding of mental incompetence obviates the need to inquire into causation” as required by Ata v. Scutt, 662 F.3d 736, 742 (6th Cir. 2011). Maj. Op. 525. It does so because a panel of this court does not have the power to overrule a prior, binding decision of this court. Sykes v. Anderson, 625 F.3d 294, 319 (6th Cir. 2010). Yet, despite the majority’s cautious language, overruling precedent is exactly what it does.
I
In Ata, we held that “[t]o obtain equitable tolling of AEDPA’s statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused[1] his failure to comply with AEDPA’s statute of limitations.” 662 F.3d at 742. The majority maps onto this standard the test from the Ninth Circuit:
(1) First, a petitioner must show his mental impairment was an “extraordinary circumstance” beyond his control, see Holland[v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)], by demonstrating the impairment was so severe that either
(a) petitioner was unable rationally or- factually to personally understand the need to timely file, or
(b) petitioner’s mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See id.
To reiterate: the “extraordinary circumstance” of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file. The “totality of the circumstances” inquiry in the second prong considers whether the petitioner’s 'im *527 pairment was a but-for cause of any delay. Thus, a petitioner’s mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights.
Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).
Under the majority’s logic, however, the two requirements of Ata (and of Bills) would instead be collapsed into one requirement: mental incompetency. That is, any petitioner suffering from mental incapacity would be permitted to circumvent the statute of limitations. The majority asserts that this is untrue, and that it is only “the specific facts of this case, in particular Stiltner’s severe mental incompetence—which left him unable to monitor the assistance he had in even the most basic ways” that separate this case from other equitable tolling cases involving mental incompetence. Maj. Op. 525. Do not be fooled. The majority has not and cannot fashion any test or limiting principle to keep today’s holding from eliminating Ata’s second requirement for equitable tolling.
The majority stresses the importance of a prisoner’s ability to monitor his attorney. Maj. Op. 524-25. It reasons that Stiltner’s mental incompetence is so severe that it satisfies both prong one (mental incompetence) and prong two (causation) of the Atar-Bills test. But while prong one focuses on a prisoner’s mental abilities, prong two' focuses on whether his inabilities caused the delay in filing. Yet under the majority’s test, those two issues will be one and the same. A petitioner who “was unable rationally or factually to personally understand the need to timely file” or whose “mental state rendered him unable personally to prepare a habeas petition and effectuate its filing” will never be able to monitor his attorney to ensure that his habeas petition is timely filed. 628 F.3d at 1100. Thus, under the same logic that the majority now uses, any petitioner who is mentally incompetent will, by definition, have simultaneously met the causation requirement of the Ata-Bilis test—and so. will be subject to no statute of limitations at all.
This is directly contrary to our precedent, which requires us to maintain Ata’s two-step inquiry into whether a mentally incompetent prisoner has been diligent in pursuing his federal habeas claims. Our caselaw makes clear that “a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.” Ata, 662 F.3d at 742. “We are not free to pick and choose the portions of a prior published decision that we will follow and those that we will disregard.” United States v. Mateen, 739 F.3d 300, 305 (6th Cir. 2014) (citation and quotation marks omitted), rev’d on other grounds, United States v. Mateen, 764 F.3d 627 (6th Cir. 2014) (en banc).
In addition to being bound by our case-law, we have a duty to enforce the law as Congress has enacted it. See, e.g., King v. Burwell,—U.S.-, 135 S.Ct. 2480, 2496, 192 L.Ed.2d 483 (2015) (“In a democracy, the power to make the law rests with those chosen by the people. Our role is more confined—‘to say what the law is.’ Marbury v. Madison, [5 U.S. 137, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)]. That is easier in some cases than in others. But in every case we must respect the role of the Legislature, and take care not to undo what it has done,”). Congress passed AEDPA with a strict one-year statute of *528 limitations, 28 U.S.C. § 2244(d)(1), but “did not create a categorical exception to the statute of limitations for mentally incompetent defendants, so the statute of limitations must apply in at least certain situations for the mentally incompetent.” R. 95, Order at 4, Page ID 1154. Accordingly, “the doctrine of equitable tolling is used sparingly by federal courts.” Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010). We do not have the power to carve a blanket exception into AEDPA that does not exist, yet that is exactly what the majority does. Under the majority’s logic, the statute of limitations period for petitioners who meet the mental incompetence prong of Ata would be tolled in perpetuity.
In addition to contravening AEDPA’s text, the majority’s holding goes against AEDPA’s entire purpose. “The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments.” Duncan v. Walker, 533 U.S. 167, 179, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Congress’s concern over late-filed petitions is particularly relevant here. Stiltner’s habeas petition raises claims related to his competency to plead guilty. He pleaded guilty thirty years ago. Evaluating his competency to plead guilty so long after his conviction will be an extremely difficult task,[2] and such difficulty reinforces the rationale behind AEDPA’s statute of limitations period, which ran almost twenty years ago in 1997.
II
Legal assistance and attorney representation are of particular relevance in determining if a habeas petitioner’s mental incompetence caused his delay in filing his habeas petition. Bills, 628 F.3d at 1100. Our unpublished cases have stressed the importance of this inquiry in determining whether a petitioner was diligent and so deserving of equitable tolling. In Price v. Lewis, for example, we held that “[t]he exceptional circumstances that would justify equitable tolling on the basis of mental' incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity.” 119 Fed.Appx. 725, 726 (6th Cir. 2008) (citation and quotation marks omitted). Accordingly, because “Price actively pursued his claims during the limitations period by seeking and obtaining help completing legal paperwork,” he was not entitled to equitable tolling. Id. Likewise, in Plummer v. Warren, we held that a pro se habeas petitioner’s physical disabilities did not entitle her to equitable tolling of the statute of limitations period when the petitioner conceded that she did not do her own legal work—and thus her physical disabilities could not have impacted the timeliness of the filing. 463 Fed.Appx. 501, 505-06 (6th Cir. 2012) (noting also that a review of her federal habeas petition and her prior state petition for collateral review demonstrated that she raised the same issues in both such that additional legal work was unnecessary).
Once we note that a prisoner was represented by an attorney during his post-conviction efforts, we must look to the circumstances of that legal assistance. In nearly all cases, legal assistance will break the causal connection between mental incompetence and failure to timely file a habeas petition. See Price, 119 Fed.Appx. at 726.
*529 So it is here. As the majority notes, the legal assistance that Stiltner received was significant. Maj. Op. 523-24. Most strikingly, this included the assistance of Dennis Burke from the Kentucky Department of Public Advocacy, a licensed, state-appointed attorney who represented Stiltner in a state post-conviction matter. R. 91, Magistrate R&R at 23, Page ID 1122. At Burke’s request, Dr. Eric Drogin evaluated Stilt-ner in 2006 to determine whether Stiltner was competent to stand trial when he pleaded guilty in 1986. Id. at 5, Page ID 1104. Burke then supplemented Stiltner’s state post-conviction motion with a motion for equitable tolling on the basis of Stilt-ner’s mental incapacities and a motion for a court-ordered mental competency evaluation. Id. at 2, Page ID 1101; R. 10—4, Motion at 1, Page ID 170. Thus, from 2005 to 2007, Stiltner was represented by a licensed attorney, this attorney knew that Stiltner’s mental competency issues could form a basis for pursuing post-conviction relief, and this attorney actually provided Stiltner with sufficient legal assistance to enable him to make state court filings that sought post-conviction relief on the basis of Stiltner’s mental incompeteney. Given this and other legal assistance, Stiltner has not carried his burden of showing that his mental incapacity caused the seventeen-year delay[3] in filing his habeas petition.
And Burke was not the only one to provide Stiltner with legal assistance between the enactment of AEDPA in 1996 and Stiltner’s habeas petition. During the statute of limitations period from 1996 to 1997, attorney Timothy Riddell from the Kentucky Department of Public Advocacy represented Stiltner. R. 91, Magistrate R&R at 19, Page ID 1118 (noting the record contains “two medical release forms, both signed by Stiltner during the limitations period (dated May 22,1996 and March 26, 1997), that name Timothy Rid-dell as ‘my attorney’ along with Tina Scott”). Paralegal Tina Scott of the Kentucky Department of Public Advocacy requested Stiltner’s legal records for “post conviction relief’ purposes from the state trial court on February 19, 1996. Id. at 19, Page ID 1118.
In December 2004, inmate David Blair helped Stiltner file a motion under Rule 11.42 of the Kentucky Rules of Criminal Procedure, raising various claims regarding his competency at the time of his arrest and conviction. Id. at 2, Page ID 1101. It was as a result of this filing that the state appointed Burke to represent Stilt-ner, as discussed above. Id. at 23, Page ID 1122; see also id. at 2, Page ID 1101 (noting that Burke filed a supplemental pleading to Stiltner’s Rule 11.42 motion in 2007, including a motion for equitable tolling). When the state court denied Stiltner’s Rule 11.42 motion, Burke filed a notice of appeal[4] and licensed attorney Meggan Smith, also of the Kentucky Department of *530 Public Advocacy, filed Stiltner’s appeal. R. 10-4, Appeal at 18, 20, Page ID 187, 189; see R. 91, Magistrate R&R at 2, Page ID 1101 (noting that the Kentucky Court of Appeals affirmed the denied of Stiltner’s Rule 11.42 motion).
In 2010, inmate Tim Fancher, Stiltner’s cellmate, worked on Stiltner’s case. Id. at 8, Page ID 1107. Fancher enlisted the help of fellow inmate Scot Gaither to assist with the legal research. In 2012, Gaither took over assisting Stiltner in filing a motion to vacate his sentence in state court pursuant to Kentucky Rule of Civil Procedure 60.02. The state court denied the motion in 2012. Gaither assisted Stiltner in appealing, but the state appellate court affirmed the denial in 2014. Id. at 2, 8, Page ID 1101, 1107.
Thus, the record shows that, during the statute of limitations period and af-terwards, Stiltner had obtained legal assistance that enabled him to make court filings. The record also shows that his jailhouse lawyers and his state-appointed attorneys knew of Stiltner’s mental health issues. But, despite significant legal assistance—from three licensed attorneys (Riddell, Burke, Smith) and three inmates (Blair, Fancher, Gaither)—Stiltner did not file a federal habeas petition until 2013. The district court dismissed this petition without prejudice as premature because Stiltner failed to satisfy the exhaustion requirement. Id. at 3, Page ID 1102. He then filed the current federal habeas petition in 2014. Id. (reasoning that this petition was filed “most likely as a result of learning that his pending state-court matter [his Rule 60.062 motion] was finally resolved on February 28, 2014”).
Importantly, it is Stiltner’s burden to show that he was entitled to equitable tolling, yet he did not have any of his licensed attorneys (Riddell, Burke, or Smith) testify. Thus, we are left to wonder why his attorneys did not file a habeas petition. Because he was represented by attorneys and received assistance from fellow inmates, however, we cannot conclude that Stiltner delayed filing his habeas petition became o/his incompetence. We cannot know if Stiltner’s failure to timely file was a strategic choice by his attorneys, if his attorneys did not believe that his claims had merit, if they considered their representation of Stiltner to be limited to his state proceedings, if they were unable to work with Stiltner, if they abandoned Stiltner, or if any other of a myriad of reasons kept them from filing a federal habeas petition. We have no reason to believe that either the state-appointed attorneys or the jailhouse attorneys were not “competent.” See Bays v. Warden, Ohio State Penitentiary, No. 3:08-CV-076, 2014 WL 29564, at *7 (S.D. Ohio Jan. 3, 2014) (“How could the mental incompetence of a litigant who has a competent attorney possibly excuse failure to meet a filing deadline?”); R. 91, Magistrate R&R at 21, Page ID 1120 (“Because Stiltner had competent people trying to help him during the limitations period, he cannot clear the bar for equitable tolling.” (emphasis added)).
And yet, with no testimony from any of the licensed attorneys involved in Stiltner’s post-conviction efforts, the majority concludes that the reason that Stiltner did not timely file a federal habeas petition is that he was unable to monitor his attorneys. But, we have no reason to believe that his licensed attorneys would have filed a federal habeas petition if Stiltner had been able to monitor them. The majority focuses entirely on Stiltner’s incompetence without connecting it to his delay. In the majority’s view, Stiltner could not monitor his attorney, ergo causation. But again, this conflates the two prongs of Ata and Bills, because any petitioner who demonstrates mental incompetence—i.e., that he “was *531 unable rationally or factually to personally understand the need to timely file” or was “unable personally to prepare a habeas petition and effectuate its filing,” Bills, 628 F.3d at 1100—would be unable to monitor his attorney and so would have demonstrated causation. Under the majority’s reasoning, a petitioner need not demonstrate causation at all, so long as he demonstrates mental incompetence. This test that contradicts the two-prong test established by Ata and would carve out a significant exception to AEDPA’s strict one-year statute of limitations.
Ill
Ata established a two-part test: (1) incompetence and (2) causation. The majority pretends that it is not overruling this test, but its reasoning cannot be reconciled with Ata. Because the majority’s holding is inconsistent with our binding caselaw, Ata, 662 F.3d at 742, and is inconsistent with the clear directive of Congress, 28 U.S.C. § 2244(d)(1), I respectfully dissent.

. The majority holds that "in the context of equitable tolling, causation is not a fact—it is a legal determination based, on facts.” Maj. Op. 520(citing Bilbrey V. Douglas, 124 Fed. Appx. 971, 973 (6th Cir. 2005)). I would only note that there is not yet a binding case in our Circuit deciding whether causation is a question of law or fact in this context. Because questions of fact are reviewed only for an abuse of discretion whereas questions of law are reviewed de novo, the threshold issue of whether causation is a question of fact or law is often critical. Outside of equitable tolling, we generally treat causation as a question of fact. See Warren v. Ohio Dept. of Public Safety, 24 Fed.Appx. 259, 267 (6th Cir. 2001); Hosier v. United States, 718 F.2d 202, 204 (6th Cir. 1983); Pierce v. United States, 718 F.2d 825, 829 (6th Cir. 1983); Chandler v. Edgar W. Long, Inc., 623 F.2d 1139, 1142 (6th Cir. 1980). If, as in most other contexts, causation is a question of fact, we would give deference to the district court’s determination that Stilt-ner’s mental incompetence did not cause his untimely filing.

. Stiltner had a mental evaluation in 1966, but did not have a second one until 2006. R. 91, Magistrate R&R at 18, Page ID 1117.

. Stiltner pleaded guilty to murder in 1986 and was sentenced to life in. prison. R. 91, Magistrate R&R at 1, Page ID 1100. Because Stiltner’s conviction became final prior to AEDPA’s enactment in 1996, the statute of limitations period expired on April 24, 1997. Stiltner filed his first federal habeas petition in April 2013, but it was dismissed without prejudice for failure to exhaust. He filed the current habeas petition on April 15, 2014. R. 91, Magistrate R&R at 3, Page ID 1102. Thus, absent tolling, this petition would be untimely by nearly seventeen years.

. The magistrate judge states that ‘'[o]n October 4, 2007, Stiltner, through his jailhouse lawyer, filed a notice of appeal.” R, 91, Magistrate R&R at 2, Page ID 1101 (citing R. 10-4, Notice at 18, Page ID 187). A review of the record citation provided, however, indicates that this is clearly erroneous—the notice of appeal was filed by attorney Dennis Burke on October 10, 2007 (because an attorney does not receive the benefit of the prisoner mailbox rule).